UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN BACILIO GASPAR (A No. 089-897-515),<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX ICE DETENTION FACILITY, et al.,<br><br>Respondents. | No. 1:25-cv-02026-JLT-SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENTS TO PROVIDE PETITIONER WITH A BOND HEARING, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(Docs. 1, 18) |

Juan Bacilio Gaspar is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 11, 2026, the assigned Magistrate Judge issued Findings and Recommendations to grant the petition. (Doc. 18.) The Court served the F&R on all parties and notified them that objections were due within fourteen days. (*Id*. at 11.) The Court advised them that "failure to file objections within the specified time may waive the right to appeal." (*Id*. (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).) On May 19, 2026, Respondents filed timely objections based entirely on their "previously filed pleadings." (Doc. 19; *see also* Doc. 13.) On June 1, 2026, the Court received Petitioner's statement of non-opposition to the F&R. (Doc. 21.) Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having

1

carefully reviewed the matter, the Court concludes that the F&R is supported by the record and proper analysis.

As a threshold matter, the F&R correctly concludes that "Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(B)." (Doc. 18 at 6.) On September 24, 2025, ICE detained the Petitioner based on his prior felony conviction under California Penal Code § 273.5(a) for inflicting corporal injury to a spouse or a roommate. (*See* Doc. 13 at 2; Doc. 13-2 at 5.) Under 8 U.S.C. § 1226(c)(1)(B), "[t]he Attorney General *shall take into custody* any alien who—is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(iii)." 8 U.S.C. § 1226(c)(1)(B) (emphasis added). Section 1227 states: "Any alien who is convicted of an *aggravated felony* at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii) (emphasis added). Therefore, the pertinent question before the Court is whether Plaintiff's conviction under Cal. Pen. Code § 273.5(a) constitutes an aggravated felony and deportable offense such that Petitioner is subject to mandatory detention pending an outcome on his removal proceedings. The answer is yes.

Under this chapter, an aggravated felony is defined as "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F). Section 16 of Title 18 defines the term "crime of violence" as:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16. To begin, Petitioner's conviction for corporal injury under Cal. Pen. Code § 273.5(a) states: "A person who willfully inflicts corporal injury resulting in a traumatic condition upon a victim described in subdivision is *guilty of a felony*, and upon conviction thereof *shall be punished by imprisonment in the state prison for two, three, or four years*, or in a county jail for not more than one year." Cal. Pen. Code § 273.5(a) (emphasis added). Petitioner was sentenced to one year in prison for that specific offense, (*see* Doc. 13-2 at 5), and such offense

generally calls for a sentencing term of two, three, or four years. Cal. Pen. Code § 273.5(a). As such, Petitioner's conviction is a felony "for which the term of imprisonment [is] at least one year" consistent with the definition of aggravated felony under 8 U.S.C. §1101(a)(43)(F).

Furthermore, the Ninth Circuit has held that a violation of Cal. Pen. Code § 273.5(a) is a categorical "crime of violence" under 8 U.S.C. § 16(a). *See Banuelos-Ayon v. Holder*, 611 F.3d 1080, 1086 (9th Cir. 2010) (holding that Cal. Pen. Code § 273.5 is a categorical crime of violence because defendant must willfully inflict upon another person a traumatic condition, which requires a direct application of force, meaning an intentional use of physical force against another person). Accordingly, Petitioner's conviction is an aggravated felony because it is a crime of violence within the meaning of 8 U.S.C. § 1101(a)(43)(F). *See Deo v. Lynch*, No. 1:16-cv-00825-SAB, 2016 WL 5341257, at *2–3 (E.D. Cal. Sept. 23, 2016) ("Plaintiff's original conviction [under Cal. Pen. Code § 273.5(a)] qualifies as an aggravated felony pursuant to 8 U.S.C. § 1101(a).").

The F&R also correctly concludes—upon an application of the factors enumerated in *Mathews v. Eldridge*, 424 U.S. 319 (1976)—that Petitioner's prolonged detention under 8 U.S.C. § 1226(c) entitles him to a bond hearing.[1] (Doc. 18 at 7–10.) Petitioner has now been detained for approximately nine months without a bond hearing. (*See* Doc. 13 at 2.) Courts have found shorter lengths of mandatory immigration detention without a bond hearing to be unreasonable. *See, e.g., Black v. Decker*, 103 F.4th 133, 137–38 (2d Cir. 2024) (affirming the district court judgement ordering a bond hearing for a petitioner detained under § 1226(c) for seven months without a bond hearing); *Sajous v. Decker*, No. 18-cv-2447 (AJN), 2018 WL 2357266, at *1, 10 (S.D.N.Y.

---

[1] While this Court would typically apply the three-factor test in *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022) to determine whether a petitioner detained under § 1226(c) is entitled to an *initial* bond hearing, there was a lack of information in the record to allow the Court to conduct such analysis. (Doc. 18 at 7.) As such, the Magistrate Judge applied the three-factors in *Mathews v. Eldridge*, 424 U.S. 319 (1976) instead, which is also regularly applied by courts in this circuit to determine whether a petitioner is entitled to an *initial* bond hearing under § 1226(c). *See Zagal-Alcaraz v. ICE Field Office*, No. 3:19-cv-01358-SB, 2020 WL 1862254, at *4 (D. Or. Mar. 25, 2020 (applying both the *Mathews* test and a multi-factor test), *report and recommendation adopted*, 2020 WL 1855189 (D. Or. Apr. 13, 2020); *Mitka v. ICE Field Office Dir.*, No. C19-193 MJP, 2019 WL 5892025, at *2 (W.D. Wash. Nov. 12, 2019) (applying both the *Mathews* test and a multi-factor test); *Henriquez v. Garland*, No. 5:22-cv-00869-EJD, 2022 WL 2132919, at *5–6 (N.D. Cal. June 14, 2022) (applying the *Mathews* test); *Jimenez v. Wolf, et al.*, No. 19-cv-07996-NC, 2020 WL 510347, at *3 (N.D. Cal. Jan. 30, 2020) (applying the *Mathews* test).

May 23, 2018) (granting preliminary injunction and ordering individualized bond hearing for petitioner detained more than eight months under § 1226(c) without a bond hearing). Further, Petitioner's nine-month detention is close to reaching the one-year mark, which goes to the private interest factor and weighs in favor of granting a bond hearing in this case. *See Lopez v. Garland*, 631 F. Supp. 3d 870, 880 (E.D. Cal. 2022) ("In general, '[a]s detention continues past a year, courts become extremely wary of permitting continued custody absent a bond hearing.'") (citing *Gonzalez v. Bonnar*, *et al.*, No. 18-cv-05321-JSC, 2019 WL 330906, at *3 (N.D. Cal. Jan. 25, 2019)). Considering this, and the other factors as explained in the F&R, the Court finds that a bond hearing is an appropriate remedy in this case. (*See* Doc. 18 at 8–10.)

Accordingly, the Court **ORDERS**:

1.  The Findings and Recommendations issued on May 11, 2026 (Doc. 18) is **ADOPTED IN FULL**.

2.  The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

3.  **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondents **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

4.  At least 72 hours before the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If his counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

5. The Clerk of Court is **DIRECTED** to serve a copy of this order on Golden State Annex Detention Facility in McFarland, California.

6. The Clerk of Court is **DIRECTED** to **CLOSE THE CASE** and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:    **June 23, 2026**

UNITED STATES DISTRICT JUDGE

5