UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN BACILIO GASPAR,<br>Petitioner,<br>v.<br>WARDEN OF THE GOLDEN STATE ANNEX ICE DETENTION FACILITY, et al.,<br>Respondents. | Case No. 1:25-cv-02026-JLT-SAB<br>A-Number: 089-897-515<br>ORDER DENYING PETITIONER'S MOTION TO ENFORCE JUDGEMENT; ORDER DENYING PETITIONER'S MOTION TO APPOINT COUNSEL<br>(Docs. 24, 26.) |

Before this Court is a motion by Petitioner Juan Bacilio Gaspar to enforce this Court's June 23, 2026, order requiring Respondents to provide Petitioner with a substantive bond hearing before an immigration judge. (*See* Doc. 24.) Petitioner also filed a motion to appoint counsel. (Doc. 26.) For the reasons set forth below, both motions are **DENIED**.

## I. BACKGROUND

This Court has summarized the factual and procedural history behind this action in previous orders and incorporates that by reference here. (*See* Docs. 18, 22.) On June 23, 2026, this Court adopted the findings and recommendations of the assigned magistrate judge in this case to grant Petitioner Juan Bacilio Gaspar's petition for habeas corpus. (Doc. 22.) The Court ordered Respondents to provide Petitioner with a constitutionally compliant bond hearing at which Respondents were to bear the burden of proof by clear and convincing evidence to show that

Petitioner presents a flight risk or danger to the community. (*Id*. at 4.) Furthermore, this Court ordered that Petitioner shall receive at least 72-hours' notice of the hearing. (*Id*.) On June 24, 2026, Petitioner was provided notice of the custody redetermination hearing to take place on July 1, 2026. (Doc. 31-2 at 21.) On July 1, 2026, Petitioner appeared *pro se* before an immigration judge. (*See* Digital Audio Recording "DAR", Doc. 20.) The IJ began the bond hearing by saying the hearing was pursuant to an order of the district court and that the burden of proof, clear and convincing evidence, is to be assigned to the Department of Homeland Security. (*Id*. at 00:56 – 01:35.) DHS argued first that Petitioner presents a danger, listing Petitioner's extensive and serious criminal record dating back to 2017. (*Id*. at 2:19 – 8:10.) DHS further noted that while in ICE custody in December 2024, Petitioner was accused of sexual assaulting another detainee. (*Id*. at 8:09 – 8:36.) With respect to flight risk, DHS argued that Petitioner has no sponsor and his immigration relief is "highly highly" speculative, given that he was ordered removed by the immigration court before the bond hearing. (*Id*. at 8:40 - 9:22.) DHS stated that Petitioner's only remaining avenue for relief is to appeal the IJ's denial of his application for withholding of removal and protection under the Convention Against Torture. (*Id*. at 9:23 – 9:38.)

Petitioner then presented rebuttal arguments. First, Petitioner disputed DHS' characterization of the alleged assault that occurred while he was in detention. (*Id*. at 9:45 – 10:19) He acknowledged the seriousness of his past crimes and discussed the various rehabilitation efforts he has undertaken while in detention. (*Id*. at 10:20 – 11:37.) Second, Petitioner argued that he is not a flight risk, given his strong interest in remaining the United States and the fact that his parents and his son are U.S. citizens. (*Id*. 11:38 – 12:00.) At the conclusion of the bond hearing, the IJ found that DHS had met its burden to demonstrate that Petitioner is a danger and a flight risk by "clear and convincing" evidence. (*Id*. at 16:34 – 19:18.) On August 4, 2026, the IJ issued a written order in which he outlined the evidence and legal bases for denying Petitioner bond. (*See* IJ Order, Doc. 31-1 at 2-4.)

Petitioner now brings a motion to enforce the Court's judgment arguing that, although the hearing occurred, the IJ's ruling denying bond failed to comply with the Court's order because, *inter alia*, (1) Respondents failed to provide Petitioner with 72-hours' notice of the bond hearing

and (2) the bond hearing occurred immediately after Petitioner was ordered removed at his merits hearing. (Doc. 25 at ¶¶ 25, 42-47.) Respondents did not substantively oppose the motion but submitted to the Court the audio of the July 1, 2026, bond hearing and the records submitted for the custody redetermination hearing. (Doc. 31.)

## II. LEGAL STANDARD

This Court has clear authority to ensure that the Government acts in accordance with its orders in habeas actions. *See Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) ("[T]he district court ha[s] authority to review compliance with its earlier order conditionally granting habeas relief."). A motion to enforce judgment is the "usual method" for requesting a court interpret its own judgment and compel compliance. *California by & through Becerra v. Dep't of the Interior*, No. 17-cv-5948, 2020 WL 13093994, at *3 (N.D. Cal. July 30, 2020) (citing *Heartland Hosp. v. Thompson*, 328 F. Supp. 2d 8, 11 (D.D.C. 2004)).

In constitutional challenges to an IJ's detention determination, a habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard. *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024). "[A]buse of discretion" review does not involve "reweigh[ing] evidence" but rather determining whether the IJ "applied the correct legal standard." *Id*. (citation and quotations omitted); *see also Abdelhamid v. Ilchert*, 774 F.2d 1447, 1450 (9th Cir. 1985) (The Court's review for abuses of discretion is limited to those which allege violation by the agency of constitutional, statutory, regulatory or other legal mandates or restrictions) (citation and quotations omitted). In other words, the Court's review is effectively limited to whether the IJ's decision "reflects 'clear legal error' or is unsupported by sufficient evidence." *Hilario Pankim v. Barr*, No. 20-cv-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020). While district courts are "under no obligation to address [Petitioner's] new arguments under the ambit of ensuring compliance with the earlier order," *Leonardo* 646 F.3d 1157 at 1161, the reviewing court must always bear in mind that "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017).

///

## III. ANALYSIS

### A. Exhaustion of Administrative Remedies

As a threshold matter, the Court waives the prudential exhaustion requirement in this case for habeas petitions seeking relief pursuant to 28 U.S.C § 2241. *See Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1047 (9th Cir. 2001), overruled on other grounds by *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 126 (2006); *See C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2026 WL 241823 at *5, n.7 (E.D. Cal. Jan. 29, 2026) (waiving exhaustion for enforcement motion challenging the legality of a bond hearing because of irreparable harm from prolonging the petitioner's already lengthy detention); *see also, Loba L.M. v. Andrews*, No. 1:25-CV-00611-JLT-SAB, 2026 WL 710307 (E.D. Cal. Mar. 13, 2026) (excusing exhaustion despite the petitioner not making "an explicit showing" of an excuse in the motion to enforce, because the court had previously found ongoing irreparable harm in its previous order). Such a waiver, however, does not expand the narrow scope of the Court's review: the Court will only determine whether the bond hearing was constitutionally adequate as required by its prior order, and not delve into areas of discretionary decisions made by the IJ. *See, infra*, Legal Standard.

### B. Adequacy of the Bond Hearing

Having carefully considered and reviewed Petitioner's submissions and the digital audio recording of the July 21, 2026, bond hearing, the Court finds that that Petitioner has not demonstrated that Respondents failed to comply with its prior habeas order or that the IJ abused his discretion in such a way as to violate Petitioner's due process rights. Petitioner's argument that he did not receive proper notice of the July 1, 2026, bond hearing necessarily fails, given that he received written notice of the hearing on June 24, 2026, a week in advance of the hearing. (Doc. 31-2 at 21.)

As to the issue of the bond hearing being conducted immediately following Petitioner's merits hearing, Petitioner appears to argue that, had he been released on bond prior to his removal proceeding, he could have obtained counsel and adequately prepared for his removal proceeding. (Doc. 24. at ¶¶ 44-46.) First, Petitioner provides no authority for his assertion that "it is generally not constitutional or legally permissible to have a bond hearing immediately after being ordered

removed at a merits hearing." (*Id.* at ¶ 43.) Second, Petitioner's argument rests on an entirely hypothetical scenario that is untethered from the actual evidence presented at the bond hearing. Even if the bond hearing had occurred before Petitioner's merits hearing, Petitioner cannot show that the outcome of the bond hearing would have been affected, given that there was enough evidence in the record for the IJ to find that DHS had proved by clear and convincing evidence that Petitioner posed a danger and a flight risk. *See Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926 (9th Cir. 2007) ("In order to prevail on a due process claim that he was denied a full and fair hearing, an alien must also show prejudice—that his rights were violated in a manner so as potentially to affect the outcome of the proceedings") (internal quotation marks and citation omitted). In sum, Petitioner has failed to demonstrate a legal basis for the Court to find that Respondents or the IJ failed to comply with its Order.

Petitioner also asks this Court to appoint counsel in this case. (Doc. 26.) Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." As explained above, Petitioner has failed to demonstrate a legal basis for the Court to find that Respondents or the IJ failed to comply with its Order. Accordingly, the interests of justice do not require appointment of counsel.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, Petitioner's motion to reopen habeas proceedings enforce the Court's earlier order (Doc. 24) and motion to appoint counsel (Doc. 26) are **DENIED**. The case remains **CLOSED**.

IT IS SO ORDERED.

Dated: October 28, 2026

UNITED STATES DISTRICT JUDGE